## Jenkins, et al. v. Dawes, et al.

(Decided September 21, 1916.)

### Appeal from Garrard Circuit Court.

Judgment—Construction of.—A judgment of a circuit court construing a will which fixes the interest and title of devisees, and a judgment thereafter rendered by the same court at the same term directing a deed to be made to the devisees, should be read together and construed as one judgment.

L. L. WALKER and WM. HERNDON for appellants.

J. E. ROBINSON and P. M. McROBERTS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

Although this record is complicated by several irrelevant issues, there is really only one question in the case, and to the decision of that question alone this opinion will be confined.

In a suit brought in 1882 to construe the will of David F. Smith, who died in 1881 leaving surviving him his widow and two daughters, Martha Jemima Smith, who is now Mrs. Dawes, and Anna Maria Smith, who married C. M. Jenkins, it was adjudged by the circuit court in which the case was pending that "the defendant, Martha Jemima Smith, takes a defeasible fee in all the lands conveyed and willed her, that is, the said land in case of her death without living issue will revert to Anna Maria Jenkins or her issue if she be then dead." At the same time and two days after the entry of the judgment containing the foregoing order construing the will of the testator, there was an order confirming the commissioner's report, dividing the land between the two children of Mr. Smith and setting apart to his widow dower, and in the course of this judgment it was said: "It is adjudged that H. C. Kauffman, master commissioner of this court, do make a deed of partition herein between the said

Anna Maria and Martha J., daughters of the said testator. That he do convey unto the said Martha J. Smith, for and on behalf of Colby M. Jenkins and Anna M. Jenkins, subject to reversion to the said Anna Maria Jenkins or her heirs should she die first, the following tracts of land:    *    *    *''

Thereafter the commissioner, in accordance with the direction in the last mentioned judgment, made a deed to Martha Jemima Smith conveying to her the interest directed to be conveyed to her by the court, and in this deed it was provided that the commissioner ''for and on behalf of Anna Maria Jenkins and Colby M. Jenkins, her husband, do convey unto Martha J. Smith, subject to reversion to Anna Maria Jenkins and her heirs should she die first, the following tracts of land:    *    *    *''

After this Martha Jemima Smith married B'. A. Dawes, and there were born of the marriage several children who are now living. It further appears that some years subsequent to the entry of these orders and judgments, which are yet standing unmodified as no appeal was ever prosecuted, a controversy arose as to the meaning and effect of the orders and judgments, between the Dawes who contended that Mrs. Dawes had a defeasible fee in the land set apart to her in the division, subject to be defeated only upon her death without living issue and the Jenkins, who contended that Mrs. Dawes took only a life estate in the land with remainder upon her death with or without living issue to Mrs. Jenkins or her children.

To settle this controversy and have the meaning and effect of the orders and judgments heretofore set out finally determined, in order that the estate of Mrs. Dawes in the land might be definitely settled, this suit was brought by Mrs. Dawes and her husband and children against the children of Anna Maria and C. M. Jenkins, both of them being dead. The prayer of the petition was that it be adjudged that the meaning and effect of the orders and judgments was that the title to the land vested in Mrs. Dawes, subject to be defeated only in the event that she died without living issue.

The Jenkins children filed an answer controverting this contention and insisting that as the heirs of Anna Maria Jenkins they were entitled to the land upon the death of Mrs. Dawes without reference to whether she did or did not leave issue.

The lower court decided that under the orders and judgments heretofore recited Mrs. Dawes took a defeasible fee in the land subject to be defeated only and in the event of her death without living issue, and from that judgment the Jenkins heirs prosecute this appeal.

As we look at the matter there is very little difficulty in arriving at the conclusion that the judgment of the lower court was correct. In the order construing the will of Mr. Smith in the suit for a construction of his will and a division of his estate, the lower court decided that Martha Jemima Smith, now Mrs. Dawes, took a defeasible fee in the land devised to her, but that if she died without living issue the land was to revert to her sister, Anna Maria, or her issue, if she was dead. Or, to put it in another way, the court decided that neither Anna Maria nor her children had or would have any interest in the land devised to Martha Jemima if she died leaving living issue. There is really no conflict between the judgment construing the will of Mr. Smith and that part of the order of the court directing a deed to be made to Martha Jemima in which it is said that the land should be conveyed to her "subject to reversion to the said Anna Maria Jenkins or her heirs if she should be dead." These two orders, made at the same term of the court, and in the same case, and within two days of each other, must be read together, and when so read it is manifest that the words "subject to reversion" in the second order mean that the estate should revert to Anna Maria Jenkins, or her children if she should be dead, only in the event Martha Jemima Smith died without living issue. The other construction would defeat entirely the plainly expressed declaration in the judgment construing the will, that the land should not revert to Anna Maria or her children unless Martha Jemima died without living issue. And so when the court said in the second judgment that the land should be conveyed to Martha Jemima subject to reversion, it was plainly intended that the reversion should take place only in the event that Martha Jemima died without leaving issue. The words "without living issue" embraced in the judgment of February second, were, as said by this court in Jenkins v. Hamilton, 153 Ky. 163, inadverently left out of the judgment of February fourth, but when both of these judgments are read together there is no reasonable doubt about their meaning.

In the brief of counsel for appellant there is some apprehension that the judgment of the lower court if affirmed would defeat the rights of the Jenkins heirs under certain contracts of purchase through which they claim to be the owners of this land; but in order to remove any possible doubt as to the meaning and effect of the judgment which we have affirmed, we again repeat that we decide only the question that Mrs. Dawes had a defeasible fee in the land subject to be defeated by her death without living issue, and this is all that the judgment appealed from decided.

The judgment is affirmed.